UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY JOHN YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>SAMANTHA ANN GOREE; ALTL, INC., a Michigan Domestic Profit Corporation,<br><br>Defendants. | 3:23-CV-03033-ECS<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT |

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Timothy John Young moves the Court to grant leave to amend his Complaint. Doc. 32. Defendants oppose the motion. Doc. 37.

As a preliminary matter, and as Defendants observe, Young's motion fails to adhere to D.S.D. Civ. LR 15.1, which requires a party to attach a copy of a proposed amended pleading with changes highlighted or underlined. See Docs. 32, 32-1, 37 at 13–18. For this failure alone, the Court may deny the motion to amend. See, e.g., N. Am. Truck & Trailer, Inc. v. Dennis Eagle, Inc., No. 4:25-CV-04187-KES, 2026 WL 1309219, at *7 (D.S.D. May 12, 2026). But Plaintiff has since cured the deficiency, see Doc. 40-1, and the Court finds it more prudent to consider the merits of the motion under the proper standard of review.

Young filed his motion approximately 16 months after the deadline to amend. See Docs. 14, 32. And so, Young's motion to amend his pleading depends first on the Court's consideration of whether to amend the scheduling order. Midwest Med. Sols., LLC v. Exactech U.S., Inc., 95 F.4th 604, 607 (8th Cir. 2024). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Good cause is primarily measured by "[t]he movant's diligence in attempting to meet the case management order's requirements." Midwest Med. Sols., 95 F.4th at 607 (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)). This is a more stringent standard than Rule 15's liberal policy favoring amendment. Id. "Where there has been no change in the law, no newly discovered facts, or any other changed circumstance after the scheduling deadline for amending pleadings, then we may conclude that the moving party has failed to show good cause." Id. (citation modified). Courts may permit amendment where new evidence obtained through depositions or other discovery satisfy Rule 16's good cause standard. Great Am. Ins. Co. v. Mosher, No. 4:23-cv-4022, 2024 WL 810285, at *2 (D.S.D. Feb. 27, 2024) (collecting cases).

The amendments Young proposes mostly relate to the punitive damages he seeks. See Doc. 40-1; see also Doc. 33. In this diversity action, the substantive law of South Dakota controls. Vandewarker v. Cont'l Res., Inc., 917 F.3d 626, 629 (8th Cir. 2019) (citing N. Oil & Gas, Inc. v. Moen, 808 F.3d 373, 376 (8th Cir. 2015)). In South Dakota, an award of punitive damages requires a showing of either presumed or actual malice. Dahl v. Sittner, 474 N.W.2d 897, 901 (S.D. 1991). Young argues that only after Defendants' deposition testimony was it clear that Defendants could be charged with presumed malice. Doc. 33 at 3–4. He argues the proposed amendments reflect this new legal theory. Id. Defendants argue that little in the amendments is newly discovered. Doc. 37 at 4. The Court agrees.

Punitive damages were sought in the prayer of Young's original Complaint. Doc. 1 at 4. Much of what Young seeks to add now is basic phrasing related to mental states associated with punitive damages. See Fluth v. Schoenfelder Constr., Inc., 917 N.W.2d 524, 534 (S.D. 2018); see, e.g., Doc. 40-1 ¶ 10 (adding "either negligently or willfully"); Compare Doc. 1 ¶ 12, with Doc. 40-1 ¶ 12 (changing "Defendant Goree was carelessly operating" to "Defendant Goree was recklessly operating"); Doc. 40-1 ¶ 26 ("The negligence or willful and conscious recklessness of Defendants was the legal cause of the subject collision."); Id. ¶ 36 ("Defendants acted with malice, oppression, and deliberate and reckless disregard for the rights of Plaintiff.").

Some of Young's proposed amendments represent facts that could have been included upon filing. Compare Doc. 1 ¶ 3, with Doc. 40-1 ¶ 3 (changing "Defendant, ALTL, Inc. is a corporation" to "Defendant, ALTL, Inc. is a motor carrier transportation corporation"); Compare Doc. 1 ¶ 13, with Doc. 40-1 ¶ 13 (changing "Plaintiff sustained injuries" to "Plaintiff sustained serious injuries"). Some facts may have been learned in discovery, e.g., Doc. 40-1 ¶¶ 24–25 (alluding to Goree's previous crashes), but Defendants argue such files were made available to Plaintiff in the summer of 2024. Doc. 37 at 4. Plaintiff fails to convince the Court good cause exists to add these details 16 months after the deadline to amend has passed.

More newly discovered are statements relating to the deposition of Ryan Merwin, an ALTL representative who, according to Young, "testified that safety is not a priority for the company." Doc. 33 at 6 (citing Doc. 34-2 at 17:7–8). Young considers this admission "emblematic of a dangerous corporate culture that warrants exemplary damages to correct." Doc. 33 at 6. But as Defendants observe, Merwin testified that safety was a value of the company, even if the company did not rank its values. Doc. 37 at 12 (citing Doc. 34-2 at 17:3–8). To the extent Young relies on Merwin's testimony for the assertion that punitive damages are

necessary "to deter commercial motor carriers from continuing to cultivate a corporate culture that prioritizes profits over the safety of the public," Doc. 40-1 ¶ 38, the Court considers the assertion inconsistent with Merwin's testimony. If Young finds the fact that ALTL's values stand on equal footing important to his case in chief, he may attempt to introduce that fact at trial, but the Court does not believe Merwin's testimony constitutes good cause for amending the Complaint. Accordingly, the Court will not allow the proposed amendment because the "good cause" required by Rule 16 to do so has not been demonstrated.

Assuming good cause was established, however, the Court would still deny the motion to amend because of futility. Denial of a motion to amend for futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Giesler v. Hirchert, No. 5:16-CV-05088-JLV, 2018 WL 671206, at *3 (D.S.D. Jan. 31, 2018) (quotation omitted).

Here, the Court has reviewed the four corners of Young's proposed amended complaint. In the Court's judgment, the proposed amendment "alleges a negligence claim and then inserts a 'formulaic recitation' that Defendants' conduct was 'willful and wanton.'" Id. at 5 (quoting Wheeler v. Hruza, No. CIV 08–4087, 2010 WL 2231959, at *3 (D.S.D. June 2, 2010)). Plaintiff's proposed amendment does not tie any specific factual allegation to its request for punitive damages. It "does not contain sufficient factual matter which, if accepted to be true, states 'a claim to relief for punitive damages that is [plausible] on its face.'" Id. (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). Rather, it recites facts alleging a standard negligence claim, but not a claim supporting an award of punitive damages. Accordingly, the Court also denies Plaintiff's motion to amend on grounds of futility.

Young fails to demonstrate good cause to amend his pleading at this late stage. The Court also believes any amendment to assert a claim for punitive damages would be futile. For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that Plaintiff's Motion for Leave to Amend Complaint, Doc. 32, is denied.

DATED this 18 day of August, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE